Opinion
 

 ROUSE, J.
 

 Teresa Turner appeals from the default judgment entered against her, awarding damages to plaintiff in the amount of $20,000. She
 
 *317
 
 contends the default was improperly entered and that the subsequent judgment is void. For reasons hereinafter set forth we conclude that Turner is correct in her contentions.
 

 A brief summary of the facts is required. On April 12, 1976, plaintiff-respondent Barbara Stevenson filed a complaint in negligence for damages against Turner, doing business as Teresa’s Complete Coiffures in San Francisco. The complaint alleged that plaintiff’s scalp and hair had been damaged by Turner’s negligent application of a permanent wave or hair-straightening substance. Turner admitted receiving a copy of the summons and complaint, but stated that she did not believe Stevenson to have been seriously injured. She therefore did not retain counsel and the matter slipped her mind. Turner heard no more of the matter until July 14, 1977, when she received a copy of a minute order giving judgment to Stevenson in the amount of $20,000. At this point, Turner retained counsel who moved for relief from default pursuant to Code of Civil Procedure section 473. The motion was denied; defendant appealed from the judgment.
 

 An order denying relief from default is not appealable, although the propriety of the order may be reviewed on appeal
 
 from
 
 the judgment.
 
 (Sanford
 
 v.
 
 Smith
 
 (1970) 11 Cal.App.3d 991, 997 [90 Cal.Rptr. 256].)
 

 Code of Civil Procedure section 473 provides: “The court may, upon such terms as may be just,
 
 relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.
 
 Application
 
 for such relief
 
 must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and
 
 must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was
 
 taken; provided, however, that, in the case of a judgment, order or other proceeding determining the ownership or right to possession of real or personal property, without extending said six months period, when a notice in writing is personally served within the State of California both upon the party against whom the judgment, order or other proceeding has been taken, and upon his attorney of record, if any, notifying said party and his attorney of record, if any, that such order, judgment or other proceeding was taken against him and that any rights said party has to apply for relief under the provisions of Section 473 of the Code of Civil Procedure shall expire 90 days after service of said notice, then such application must be made within 90 days after service of such notice upon the defaulting party or his attorney of
 
 *318
 
 record, if any, whichever service shall be later.” (Italics added.) The six-month outside time limit for granting relief is jurisdictional and the court may not consider any motion made after that period has elapsed.
 
 (Smith
 
 v.
 
 Pelton Water Wheel Co.
 
 (1907) 151 Cal. 394, 397 [90 P. 934];
 
 Schwartz
 
 v.
 
 Smookler
 
 (1962) 202 Cal.App.2d 76, 81 [20 Cal.Rptr. 507].) The sole exception arises where it is clear from the face of the appellate record that the default should not have been entered. In such case, the subsequent judgment is void and relief from the default on which it rests may be sought at any time.
 
 (Nagel
 
 v.
 
 P & M Distributors, Inc.
 
 (1969) 273 Cal.App.2d 176, 179, 180 [78 Cal.Rptr. 65];
 
 Batte v. Bandy
 
 (1958) 165 Cal.App.2d 527, 537 [332 P.2d 439].)
 

 Appellant contends that the default was improperly entered in that the request to enter default did not show the date on which it was mailed to defendant. Since defendant, apparently due to an error by the postal service, did not receive her copy of the request to enter default at all, it is difficult to see how she was prejudiced by the omission of a date. In any event, since the date appears at five other locations on the request to enter default, as well as on the postmark of the envelope, we believe there was substantial compliance with the requirements of Code of Civil Procedure section 587:
 
 “An application by a plaintiff for entry of default under subdivision (1) or (2) of Section 585
 
 or Section 586 or an application for judgment under subdivision (3) of Section 585
 
 shall include an affidavit stating that a copy of such application has been mailed to the defendant’s attorney of record or, if none, to the defendant at his last known address and the date on which such copy was mailed.
 
 If no such address of the defendant is known to the plaintiff or plaintiff’s attorney the affidavit shall state such fact. [U] No application for judgment under the provisions of subdivision (3) of Section 585 shall be heard, and no default under the provisions of subdivision (1) or (2) of Section 585 or Section 586 shall be entered, unless such affidavit is filed.
 
 The nonreceipt of such notice shall not invalidate or constitute ground for setting aside any judgment.”
 
 (Italics added.) (Cf.
 
 Douglas
 
 v.
 
 Janis
 
 (1974) 43 Cal.App.3d 931, 936-937 [118 Cal.Rptr. 280] [discussing the requirements of Code Civ. Proc., § 1013 (proof of service by mail) and equating “strict” with “substantial” rather than with “literal” compliance].)
 

 There is, however, a defect in the predefault procedure which does affect the validity of the subsequent entry of default. We point out, initially, that although the court does not comb the record for errors not pointed out by appellant, it “is at liberty to consider, and even to decide, a case upon any points that its proper disposition may seem to
 
 *319
 
 require whether taken by counsel or not. . . .”
 
 (People
 
 v.
 
 Renchie
 
 (1962) 201 Cal.App.2d 1, 7 [19 Cal.Rptr. 734].) The complaint as filed complied with Code of Civil Procedure section 425.10, requiring:
 

 “A complaint or cross-complaint shall contain both of the following:
 

 “(a) A statement of the facts constituting the cause of action, in ordinary and concise language.
 

 “(b) A demand for judgment for the relief to which the pleader claims he is entitled. If the recovery of money or damages be demanded, the amount thereof shall be stated,
 
 unless the action is brought in the superior court to recover damages for personal injury or wrongful death, in which case the amount thereof shall not be stated.”
 
 (Italics in original.) The complaint requested damages “in an amount to be ascertained at trial.” Section 425.10 does not, however, function to keep defendant guessing as to his potential liability up until the very moment of judgment. Code of Civil Procedure section 425.11 requires:
 

 “When a complaint or cross-complaint is filed in an action in the superior court to recover damages for personal injury or wrongful death, the party against whom the action is brought may at any time request a statement setting forth the nature and amount of damages being sought. The request shall be served upon the plaintiff or cross-complainant, who shall serve a responsive statement as to the damages within 15 days thereafter. In the event that a response is not served, the party, on notice to the plaintiff or cross-complainant, may petition the court in which the action is pending to order the plaintiff or cross-complainant to serve a responsive statement.
 

 “If no request is made for such a statement setting forth the nature and amount of damages being sought, the plaintiff shall give notice to the defendant of the amount
 
 of special and general damages sought to be recovered (1) before a default may be taken; or (2) in the event an answer is filed, at least 60 days prior to date set for the trial.” (Italics added.) The record is barren of any indication that such a statement was ever served upon the defendant at any time prior to the entry of default; i.e., there was
 
 no
 
 compliance, substantial or otherwise, with the requirement of this statute. Nor did the request to enter default set out any amount other than $53 in costs. The code section has not been much construed since its adoption in 1974; however, the clear import
 
 *320
 
 thereof is to give defendant one “last clear chance” to respond to the allegations of the complaint and to avoid the precise consequences which have obtained here: a judgment for a substantial sum, well after the time for' relief from default has passed, after an evidentiary hearing of which defendant did not receive notice (Code Civ. Proc., § 1010), and at which the proof was somewhat attenuated. The failure of plaintiff to serve the statement of requested damages deprived defendant of any actual notice of her potential liability; it thus cannot be said that the omission was harmless. (Cf.
 
 Uva
 
 v.
 
 Evans
 
 (1978) 83 Cal.App.3d 356 [147 Cal.Rptr. 795].)
 

 The judgment is reversed. The case is remanded for proceedings consistent with the views expressed herein.
 

 Taylor, P. J., and Miller, J., concurred.
 

 On July 20, 1979, the opinion was modified to read as printed above.