[Civ. No. 66372. Second Dist., Div. Four. Mar. 14, 1983.]

FELIX PLOTITSA et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
VIVIAN KADRI, Real Party in Interest.

COUNSEL

David L. Kaplan and Edward D. Benes for Petitioners.

No appearance for Respondent.

Charles J. Fleishman for Real Party in Interest.

OPINION

WOODS, P. J.—By petition for mandate, petitioners, Felix Plotitsa and Nick Lenderman, in a personal injury action seek review of a trial court order denying their motion under section 473 of the Code of Civil Procedure to set aside a default entered against them. Petitioners contend that the unique pleading requirement created by sections 425.10 and 425.11 of the Code of Civil Procedure[1] requires a personal injury plaintiff to personally serve a defendant who has not appeared after valid service of complaint and summons, with a "statement of damages" and to defer entry of default until defendant has had sufficient time after such service to file a responsive pleading.

---

[1] Unless otherwise specified all statutory references are to the Code of Civil Procedure.

Finally, petitioners contend that a request to enter default specifying only the total amount of damages sought does not satisfy the requirement of section 425.11 that a "statement of damages" prerequisite to default specify "special and general damages."

The undisputed facts are that on September 15, 1981, real party in interest, Vivian Kadri (hereinafter plaintiff), filed her complaint alleging petitioners had caused her physical injury by their negligent operation of an automobile. In compliance with section 425.10, the complaint did not state the amount of damages sought.

Summons was issued and on April 4, 1982, petitioner Lenderman was personally served. That same date, petitioner Plotitsa was served by substituted service upon his wife. On May 19, 1982, plaintiff mailed a letter to both petitioners at their residence addresses, and a copy to their insurance carrier, threatening default if a response to the complaint was not filed within 10 days. No response was filed, although petitioners' carrier communicated to plaintiff's counsel its inability to locate petitioners and its ignorance as to whether service was effective. On June 2, 1982, summons was returned with appropriate proofs of service executed by a registered process server. Concurrently, plaintiff filed a standard form request to enter default as to both petitioners indicating the total "demand of complaint" as "$250,000." The request also included the declaration of plaintiff's counsel stating that the request had been served upon both petitioners on June 1, 1982, by mailing copies thereof to their specified last known addresses. Default was entered June 2.

On July 13, petitioners filed a joint motion to set aside default pursuant to section 473. The motion was originally based upon claimed "excusable neglect or inadvertence." No declaration by petitioners was submitted in support of this claim. After plaintiff filed opposition, petitioners filed a supplemental pleading contending the default was void because there had been no personal service of the request to enter default and because entry of default one day after copies of the request were mailed to them does not afford them a due process opportunity to determine whether to defend against the action once they are apprised of the precise amount of damages plaintiff claims, as required by section 425.11. Petitioners' motion was denied August 12. The petition for mandate was filed with this court and the alternative writ issued.

The issues here presented must be resolved in favor of petitioners.

I

The first issue we discuss is whether a personal injury defendant who has been validly served with summons and original complaint, but has not ap-

peared in the action, must also be personally served with the request to enter default when there has been no prior notice to him that complies with section 425.11 "statement of damages" requirement.

This issue is analogous to that determined in *Engebretson & Co.* v. *Harrison* (1981) 125 Cal.App.3d 436 [178 Cal.Rptr. 77], wherein it was held that amendments to civil complaints, which increased the amount of damages sought, must be personally served upon a "nonappearing" defendant before default may be entered against such defendant for the increased amount.

For the reasons discussed below, it must be concluded that a "statement of damages" under section 425.11 is the functional equivalent of an amendment to a complaint that increases the amount of damages sought. Accordingly, the same considerations requiring personal service must apply.

Section 425.10, as amended in 1974, prohibits any statement in a complaint of the amount of damages sought for personal injury in superior court. Section 425.11, added in 1974, provides for notice to a personal injury or wrongful death defendant of the "nature and amount of damages being sought." It allows the defendant to request a written statement from plaintiff "setting forth the nature and amount of damages being sought." It further provides: "If no request is made for such a statement setting forth the nature and amount of damages being sought, the plaintiff shall give notice to the defendant of the amount of special and general damages sought to be recovered (1) before a default may be taken; or (2) in the event an answer is filed, at least 60 days prior to date set for trial."

■ The legislative purpose of the 1974 amendment of section 425.10 and the addition of section 425.11 was to protect defendants in personal injury and wrongful death actions from adverse publicity resulting from prayers in complaints, particularly malpractice complaints, for greatly inflated damage claims bearing little relation to reasonable expectations of recovery. (See *Review of Selected 1974 California Legislation* (1975) 6 Pacific L.J. 125, 217.)

The only two cases yet to have addressed the problem of what is required under section 425.11 for entry of a valid default are *Petty* v. *Manpower, Inc.* (1979) 94 Cal.App.3d 794 [156 Cal.Rptr. 622], and *Stevenson* v. *Turner* (1979) 94 Cal.App.3d 315 [156 Cal.Rptr. 499]. These cases are of little guidance here because the plaintiffs in those cases wholly failed to give the personal injury defendants any statement of the amount of damages sought, either by separate "statement of damages" or by specification in the request to enter default. Accordingly, the *Petty* and *Stevenson* courts did not reach the question of the appropriate mode of service, nor the two collateral issues raised in this proceeding.

Although these two cases are not determinative, their analyses provide a starting point. In *Stevenson* v. *Turner, supra,* 94 Cal.App.3d at pages 319-320, the purpose of section 425.11 was characterized as follows: "[T]he clear import thereof is to give defendant one 'last clear chance' to respond to the allegations of the complaint and to avoid the precise consequences . . .: a judgment for a substantial sum, [without] any actual notice of . . . potential liability; . . ." ▮ Accordingly, a default entered without any such statement being served on the defendant is void on the face of the record and may be successfully challenged beyond the six-month limitation period specified in section 473. (*Stevenson* v. *Turner, supra,* at p. 318.) *Petty* v. *Manpower, Inc., supra,* 94 Cal.App.3d at page 798, held that such entry of default amounts to denial of the due process right to a fair hearing and that a judgment entered thereon is in excess of jurisdiction because section 580 limits the amount of a default judgment to that demanded in the complaint. (See 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 204, p. 735.)

Given this foundational analysis, the answer to the personal service question lies in *Engebretson & Co.* v. *Harrison, supra,* 125 Cal.App.3d 436, a recently decided case involving the analogous question of the appropriate mode of service of an amendment to a nonsection 425.11 complaint that increases the amount of damages beyond that demanded in the original complaint.

*Engebretson* determined that service of such amendments upon nonappearing defendants is controlled by those statutes governing service of summons on original complaints (§§ 413.10-417.10), under which personal service is required. This conclusion is enhanced by the pragmatic consideration of ensuring fair and effective notice. Nonappearing and defaulting defendants, having determined to allow default in the amount originally prayed for, are more likely to fail to adequately examine an amendment to a complaint served by mail, believing it to be merely a procedural step toward obtainment of judgment in the amount originally sought. Employees of such defendants are more likely to fail to recognize the importance of such mail and misplace it. Also, documents sent by mail are more likely to be lost. (*Engebretson & Co.* v. *Harrison, supra,* 125 Cal.App.3d at pp. 442-443.) Finally, the *Engebretson* holding is in conformity with rule 5 of the Federal Rules of Civil Procedure (28 U.S.C.) which expressly requires "pleadings asserting new or additional claims for relief" to be served in the manner prescribed for service of summons on original complaints. (*Engebretson & Co.* v. *Harrison, supra,* at p. 442.)

▮ The parallel functions of amendments increasing damage demands of nonsection 425.11 complaints and "statements of damages" attendant to section 425.11 complaints require the conclusion that the personal service required of the former in *Engebretson* also be required of the latter.

Requirement of personal service of the statement of damages in these circumstances will not result in plaintiffs being unable to obtain default because the defendant is not locatable. Plaintiffs have the same protection as exists with service of summons on original complaints. Sections 415.20 and 415.50 provide for substituted service and service by publication if reasonable diligence in effecting personal service is not successful.

Plaintiff argues that the motion to set aside default was denied solely on the basis that the motion was not diligently made. This allegation is unverified and no exhibit is offered to substantiate it. But even if the trial court had so ruled, relief must be granted here.  ▇  While trial courts are vested with discretion by section 473 to determine whether motions thereunder are brought with adequate diligence under the factual circumstances of each particular case, a default that is void on the face of the record when entered is subject to challenge at any time irrespective of lack of diligence in seeking to set it aside within the six-month period of section 473. (*Stevenson* v. *Turner, supra,* 94 Cal.App.3d 315, 318; *Nagel* v. *P & M Distributors, Inc.* (1969) 273 Cal.App.2d 176, 179 [78 Cal.Rptr. 65].)

## II

▇ Although the foregoing discussion requires the conclusion that the default entered June 2, 1982, was invalid and must be set aside for lack of personal service, it is appropriate to point out that the parallel between an amended complaint seeking increased damages and a "statement of damages" pursuant to section 425.11 requires that the personal injury or wrongful death defendant be allowed the same period of time within which to respond to the "statement of damages" as other defendants are allowed to respond to such amended complaints. Section 471.5 provides 30 days from the date of service of an amendment to a complaint for filing of a responsive pleading.

## III

▇ Finally, we address the requirement of section 425.11 that "special and general" damages be specified. There is nothing in section 425.11 expressly preventing a request to enter default from qualifying as a "statement of damages" so long as the request states "the amount of special and general damages sought to be recovered."

In the present case plaintiff states only the total amount of damages sought, without a breakdown as between special and general damages. Although sections 425.10 and 425.11 are silent as to the purpose of requiring a statement of both special and general damages sought, it certainly appears that such informa-

tion aids a defendant in evaluating the validity of plaintiff's damage claims with regard to their provability.

■ One recognized rule of statutory construction is that "every word, phrase or provision is presumed to have been intended to have a meaning and perform a useful function" (*Mahdavi* v. *Fair Employment Practice Com.* (1977) 67 Cal.App.3d 326, 334 [136 Cal.Rptr. 421]), and a statute should be so construed where possible (*J. R. Norton Co.* v. *Agricultural Labor Relations Bd.* (1979) 26 Cal.3d 1, 36-37 [160 Cal.Rptr. 710, 603 P.2d 1306]). ■ Another is that where a word or phrase has a well-known and definite legal meaning it will be construed to have the same meaning when used in a statute. (58 Cal.Jur.3d, Statutes, § 126, p. 519.) The legal distinction between general damages and special damages is well recognized.

"The distinction between general and special damages forms the basis of an important principle of *pleading*, that the defendant is entitled to notice of what damages are to be claimed at the trial, and should be given such notice in the complaint." (4 Witkin, Summary Cal. Law (8th ed. 1974) Torts, § 843, p. 3139.) (See also Rest., Torts, § 904, pp. 541-542.)

■ Accordingly, the specificity of pleading required by the language of section 425.11 must be observed. The short-cut procedure employed by plaintiff in the underlying action does not satisfy section 425.11. The default entered June 2, 1982, is void.

Let a peremptory writ of mandate issue directing respondent to vacate its order of August 12, 1982, in Los Angeles Superior Court case No. C 382229, entitled Vivian Kadri v. Felix Plotitsa et al., denying petitioners' motion for relief from default, and to make and enter a new and different order granting that motion. The stay issued by this court in conjunction with the alternative writ shall remain in effect until this opinion shall become final.

Kingsley, J., and Amerian, J., concurred.