[No. B012146. Second Dist., Div. Seven. Mar. 31, 1986.]

AL TWINE et al., Plaintiffs and Respondents, v.
COMPTON SUPERMARKET, Defendant and Appellant.

**COUNSEL**

Fisher & Prager and David J. Prager for Defendant and Appellant.

Benjamin P. Wasserman for Plaintiffs and Respondents.

## OPINION

**THOMPSON, J.**—Defendant Compton Supermarket appeals from a default judgment in a personal injury case in favor of plaintiffs Al and Jose Twine following the denial of its motion to set aside the default judgment. Defendant, citing *Plotitsa* v. *Superior Court* (1983) 140 Cal.App.3d 755 [189 Cal.Rptr. 769], contends that the default judgment should be reversed and the default vacated because the damages statement was not personally served and the default was entered within three days of service by mail. We conclude that the *Plotitsa* decision applies retroactively and, accordingly, must reverse.[1]

Plaintiffs filed a complaint for personal injury and loss of consortium against defendant arising out of a slip and fall incident in September 1982. When defendant did not answer, plaintiffs filed a request to enter default asking for damages "as determined by the Court" and serving a copy by mail. On January 13, 1983, the court, on its own motion, set aside the default for plaintiffs' failure to comply with the requirement of Code of Civil Procedure section 425.11[2] that defendant be served with a damages statement before entry of default. On January 18, plaintiffs then mailed defendant a statement of the nature and amount of damages. A copy of a second request to enter default was served by mail on January 31, 1983.

---

[1]Since the default judgment is void for failure to comply with these requirements, we need not reach defendant's other contentions concerning the damages statement and amount of judgment. Also, the superior court could properly reject defendant's claim that the summons failed to comply with Code of Civil Procedure, section 412.30. There was no evidence that the summons served on Yi, defendant's corporate vice-president, at the business address did not contain the mandatory notice of the capacity in which he was served. The copy that was served was lost. The only evidence of its contents was the marshal's sworn certificate of service which recited that Yi was served as an individual defendant and on behalf of the Compton Supermarket, the corporate defendant.

[2]All statutory references are to the Code of Civil Procedure unless otherwise stated.

Section 425.11 provides: "When a complaint or cross-complaint is filed in an action in the superior court to recover damages for personal injury or wrongful death, the party against whom the action is brought may at any time request a statement setting forth the nature and amount of damages being sought. The request shall be served upon the plaintiff or cross-complainant, who shall serve a responsive statement as to the damages within 15 days thereafter. In the event that a response is not served, the party, on notice to the plaintiff or cross-complainant, may petition the court in which the action is pending to order the plaintiff or cross-complainant to serve a responsive statement.

"If no request is made for such a statement setting forth the nature and amount of damages being sought, the plaintiff shall give notice to the defendant of the amount of special and general damages sought to be recovered (1) before a default may be taken; or (2) in the event an answer is filed, at least 60 days prior to date set for the trial."

Default was entered on February 2, 1983. On March 16, 1983, the default judgment awarding plaintiffs approximately $69,169.94 was entered. On October 10, 1984, plaintiffs obtained a writ of execution. Defendant then moved to set aside the judgment on grounds of jurisdictional defects and extrinsic fraud and mistake. This appeal followed the denial of that motion.

DISCUSSION

■ Default judgment is a procedural device designed to clear the court's calendar and files of cases lacking adversarial quality. Because default judgment ends the controversy, the plaintiff must precisely follow certain rules which ensure that a defendant has sufficient knowledge of the pending action to make an informed choice as to whether to defend or ignore plaintiff's claims. (*Jones* v. *Interstate Recovery Service* (1984) 160 Cal.App.3d 925, 928 [206 Cal.Rptr. 924].)

■ In an action for personal injury in superior court, the plaintiff is prohibited from stating the amount of damages. (§ 425.10.) Therefore, section 425.11 requires that the defendant be given a statement of the amount of damages sought before entry of default in order to afford a defendant "one 'last clear chance' to respond to the allegations of the complaint and to avoid the precise consequences . . . [of] a judgment for a substantial sum . . . . [without] any actual notice of . . . potential liability. . . ." (*Stevenson* v. *Turner* (1979) 94 Cal.App.3d 315, 320 [156 Cal.Rptr. 499]; *Petty* v. *Manpower, Inc.* (1979) 94 Cal.App.3d 794, 798 [156 Cal.Rptr. 622].) In *Plotitsa* v. *Superior Court, supra,* 140 Cal.App.3d at pp. 759-761, the court, construing section 425.11, held that the plaintiff must personally serve a defendant, who has not appeared, with the statement of damages and defer entry of default until 30 days from such service so that defendant can file a responsive pleading.

Here, the documents plaintiffs filed with the court show on their face that a copy of the statement of nature and amount of damages was served by mail on defendant and the default was entered only three days later. Hence the default judgment exceeded the court's jurisdiction.

Plaintiffs claim defendant should be precluded from raising the issue of personal service because although defendant challenged in the trial court the lack of sufficient time to respond after service and claimed it did not receive the statement of damages, it did not attack the mode of service.[3] ■ However, a default that is void on the face of the record when

---

[3]Plaintiffs also argue that there is a controverted fact issue as to whether defendant received the mailed damages statement. But, there would be no question if defendant had been personally served as required.

entered for failure to personally serve a statement of damages is subject to challenge at any time. (*Plotitsa* v. *Superior Court, supra,* 140 Cal.App.3d at p. 761.) Such questions of jurisdiction are never waived and may be raised for the first time on appeal (*National Diversified Services, Inc.* v. *Bernstein* (1985) 168 Cal.App.3d 410, 417 [214 Cal.Rptr. 113]; *Petty* v. *Manpower, Inc., supra,* 94 Cal.App.3d at pp. 798-799) or by collateral attack. (See 8 Witkin, Cal. Procedure (3d.ed. 1985) Attack on Judgment in Trial Court, § 12, pp. 414-415.)

■ Plaintiffs further argue that the rules of personal service and 30 days' time to respond should not "retroactively" apply to this case since the default herein was entered prior to the date of the *Plotitsa* decision. Initially, we note that the decision announcing the rules preceded the entry of the default judgment.

■ More importantly, the general rule is that a decision of a court, even one overruling a former decision, is retrospective in its operation. (*Peterson* v. *Superior Court* (1982) 31 Cal.3d 147, 151 [181 Cal.Rptr. 784, 642 P.2d 1305]; *City of Los Angeles* v. *Faus* (1957) 48 Cal.2d 672, 680-681 [312 P.2d 680].) "As a rule, judicial decisions apply 'retroactively.' [Citation.] Indeed, a legal system based on precedent has a built-in presumption of retroactivity." (*Solem* v. *Stumes* (1984) 465 U.S. 638, 642 [79 L.Ed.2d 579, 586, 104 S.Ct. 1338]; *People* v. *Guerra* (1984) 37 Cal.3d 385, 399 [208 Cal.Rptr. 162, 690 P.2d 635].)

■ Plaintiffs do not come within the exception where considerations of fairness and public policy preclude retroactivity. (*Peterson* v. *Superior Court, supra,* 31 Cal.3d at pp. 152-153.) "Unjustified 'reliance' is no bar to retroactivity." (*Solem* v. *Stumes, supra,* 465 U.S. at p. 646 [79 L.Ed.2d at p. 589].) As plaintiffs themselves point out, the *Plotitsa* court addressed questions of first impression with respect to the construction of section 425.11. There were no prior guidelines regarding mode of service of a damages statement and time to respond. The decision, therefore, did not constitute a clear break with the past.

■ In determining whether a particular decision should be given retroactive effect, California courts undertake first a threshold inquiry, inquiring whether the decision established a new rule of law and, if so, whether there was a prior rule to the contrary. If there were no prior rules to the contrary, the new rules apply in all cases not yet final because there cannot have been any *justifiable* reliance on an old rule when no such old rule existed. ■ Thus, where, as here, a court addresses issues not previously presented to the courts, the ordinary assumption of retrospective operation takes full effect. (*People* v. *Guerra, supra,* 37 Cal.3d at pp. 399-400; *Donaldson* v.

*Superior Court* (1983) 35 Cal.3d 24, 36-37 [196 Cal.Rptr. 704, 672 P.2d 110].)

Accordingly, the default herein is set aside and the judgment is reversed.

Lillie, P. J., and Johnson, J., concurred.

Respondents' petition for review by the Supreme Court was denied July 16, 1986.