[No. B020055. Second Dist., Div. Six. Apr. 10, 1987.]

CATHLEEN CONNELLY, Plaintiff and Appellant, v.
FRED CASTILLO, Defendant and Respondent.

**COUNSEL**

Frank J. Iannaccone for Plaintiff and Appellant.

Tuverson & Hillyard and Teresa A. Williams for Defendant and Respondent.

OPINION

**STONE, P. J.**—Cathleen Connelly appeals from the trial court's order setting aside a default judgment entered against respondent Fred Castillo. We reverse.

Appellant filed a complaint for personal injury against respondent on February 25, 1983, as the result of sustaining severe damage to her face by bites from a dog kept on respondent's real property. Although respondent's attorney agreed to accept service of the summons and complaint, he did not do so when the necessary documents were mailed to him. Likewise, respondent's insurance company failed to accept service on respondent's behalf. Finally, appellant obtained respondent's address by contacting numerous sources. After five attempts to personally serve respondent at that address, substitute service was accomplished by leaving a copy of the summons and complaint with respondent's mother and thereafter mailing the documents to the same location. This service was deemed effective September 2, 1983.

On September 7, appellant personally served respondent with a statement of special and general damages. Curiously, appellant did not file proof of this service in superior court.

Appellant subsequently filed her request to enter default on October 4, 1983. Thereafter, on October 12, she filed the damages statement with the trial court together with proof of service of the statement by mail on respondent October 11. Meanwhile, respondent mailed his answer to appellant's complaint to the superior court on October 4, 32 days after September 2, the date of service of the complaint, but the court clerk mailed it back, informing him that appellant's request for default had already been filed. On October 20, 1983, the matter was heard and default judgment was granted against respondent.

During the following two years, respondent appeared at several judgment debtor exams and entered into an agreement with appellant to make installment payments. On December 18, 1985, over two years after default judgment, respondent filed a motion to set aside the default, contending that it was void for appellant's failure to give respondent notice of the nature and amount of her damages pursuant to Code of Civil Procedure section 425.11. Respondent pointed out that appellant mailed her statement of damages to him on October 11, seven days after filing her request to enter default on October 4.

Appellant responded in her opposition motion that respondent had been served with the statement of damages prior to the entry of default, attaching

to her motion a copy of the unfiled proof of service showing respondent was personally served with the damages statement on September 7, 1983. She further argued that there was no statutory rule requiring the statement of damages to be served within any specific time frame before entry of default other than to give defendant reasonable notice of the amount involved in the suit. Respondent replied that appellant's extrinsic proof of service was insufficient to cure the defective judgment as it showed appellant filed her request for default on October 4, a mere 28 days (actually, it was 27) after serving respondent with the damages statement on September 7, and that appellant should have waited at least 30 days.

On February 14, 1986, the trial court "reluctantly" granted respondent's motion and ordered the default judgment to be set aside, finding the previous judgment was void and citing *Plotitsa* v. *Superior Court* (1983) 140 Cal.App.3d 755, 761 [189 Cal.Rptr. 769]. The portion of the *Plotitsa* case that was relied on by the trial court reads: "[T]he parallel between an amended complaint seeking increased damages and a 'statement of damages' pursuant to section 425.11 requires that the personal injury or wrongful death defendant be allowed the same period of time within which to respond to the 'statement of damages' as other defendants are allowed to respond to such amended complaints. Section 471.5 provides 30 days from the date of service of an amendment to a complaint for filing of a responsive pleading." The trial court thus found that the judgment was void because appellant had not provided respondent with a 30-day response time period after personally serving him with the statement of damages before filing her request for default.

Appellant contends on appeal that the default judgment is not void since respondent received sufficient notice of the amount of damages claimed in the suit before she filed her request for default, therefore, the trial court had jurisdiction to grant the judgment pursuant to section 425.11.[1] She further claims that a trial court's power to render default judgments is authorized only according to statutory terms, and section 425.11 imposes no 30-day waiting period after service of a statement of damages.

Respondent counters that the judgment is clearly void on its face since there was no record at the time default judgment was granted that respondent had been personally served with the statement of damages. Respondent further asserts, in the exhibited belief that the trial court granting default was aware of the personal service of the damages statement upon respondent on September 7, 1983, that the superior court clerk should have waited 30 days until October 7, to file appellant's request for default, and therefore

---

[1] All statutory references are to the Code of Civil Procedure.

acted without authority and jurisdiction. Had the court clerk waited 30 days to file the request for default, respondent contends, his answer would have been accepted by the court, having been mailed to the court on October 4, the same day that the default request was filed.

■ Respondent's motion to vacate the default judgment was filed beyond the time limitation of six months imposed by Code of Civil Procedure section 473; it is thus a collateral, not direct, attack on the judgment. (*National Diversified Services, Inc.* v. *Bernstein* (1985) 168 Cal.App.3d 410, 416 [214 Cal.Rptr. 113].) Such attacks are upheld only if it appears from the face of the appellate record that the default should not have been entered. (*Stevenson* v. *Turner* (1979) 94 Cal.App.3d 315, 318 [156 Cal.Rptr. 499].)

■ A judgment can be void for lack of personal or subject matter jurisdiction or for the granting of relief which the trial court had no power to grant. (*Becker* v. *S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493 [165 Cal.Rptr. 825, 612 P.2d 915].) ■ A trial court has the inherent power to set aside a judgment void on its face at any time. (*National Diversified Services, Inc.* v. *Bernstein, supra,* 168 Cal.App.3d at p. 414; *Stevenson* v. *Turner, supra.*)

■ Section 425.11 provides that, in cases seeking to recover damages for personal injury, a plaintiff shall give notice to the defendant of the amount of special and general damages sought to be recovered prior to default.[2] Section 425.11 operates in conjunction with Code of Civil Procedure section 425.10, subdivision (b), which mandates that a complaint for damages resulting from personal injuries shall *not* state the amount of damages sought. The purpose of the latter statute is to protect defendants from adverse publicity resulting from inflated demands. (*Jones* v. *Interstate Recovery Service* (1984) 160 Cal.App.3d 925, 928 [206 Cal.Rptr. 924].) Section 425.11 was designed to give defendants "one last clear chance" to respond to allegations of complaints by providing them with "actual" notice of their exact potential liability. (*Id.,* pp. 928-929.)

There is no language in section 425.11 stating or suggesting the exact amount of notice that a plaintiff must give a defendant concerning the amount of damages sought before seeking default. The statute simply provides that notice is required before entry of default. ■ An examina-

---

[2]That section states in pertinent part: "When a complaint or cross-complaint is filed in an action in the superior court to recover damages for personal injury or wrongful death, the party against whom the action is brought may at any time request a statement setting forth the nature and amount of damages being sought.... [¶] If no request is made for such a statement setting forth the nature and amount of damages being sought, the plaintiff shall give notice to the defendant of the amount of special and general damages sought to be recovered (1) *before a default may be taken;* ..." (Italics added.)

tion of the record on appeal in the present case reveals that appellant personally served respondent with a statement of damages before requesting default. The judgment is therefore not invalid on its face.

Respondent cites *Petty* v. *Manpower, Inc.* (1979) 94 Cal.App.3d 794 [156 Cal.Rptr. 622] and *Stevenson* v. *Turner, supra,* 94 Cal.App.3d 315 to support his contention that appellant's failure to file proof of the personal service renders the default judgment void. However, in both of these cases the plaintiffs completely failed to give the defendants any statement of the amount of damages. That obviously did not occur here, so respondent's supporting authority is inapposite. Since our record is not barren of any indication that a damages statement was ever served upon the defendant at any time prior to the entry of default (see *Stevenson* v. *Turner, supra,* p. 319), respondent's motion to vacate default, being brought beyond the six-month period provided by section 473, was improper.

■ It is established that a default judgment is valid when based on *actual* service of summons on the defendant, although no proof of service is filed prior to entry of the judgment. (*National Diversified Services, Inc.* v. *Bernstein, supra,* 168 Cal.App.3d at p. 416.) The modern rule is that such a judgment is irregular, but not void. (*Ibid.*) Here, respondent concedes that he was personally served with appellant's statement of damages on September 7, almost one month prior to appellant's filing of the request for default. We thus hold that appellant's failure to file proof of this service constituted a mere irregularity which did not void the judgment. (*Ibid.*)

■ We further disagree with the trial court vacating the default judgment that the judgment is void due to appellant's failure to give respondent 30 days notice of the amount of damages sought prior to filing the request for default. Appellant correctly points out that section 425.11 contains no rule declaring a 30-day notice of the statement of damages in personal injury cases.

A "court's jurisdiction to render default judgments can be *exercised only in the way authorized by statute.*" (*Burtnett* v. *King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333].) Accordingly, since a 30-day time period is not specified by the statute, we decline to follow the 30-day rule set forth in *Plotitsa, supra,* 140 Cal.App.3d at page 761, and conclude that appellant's failure to comply with it did not result in a void judgment. In construing a statute, a court must "ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; . . ." (Code Civ. Proc., § 1858.)

Nevertheless, the purpose of section 425.11, to give a defendant notice of the damages claim, signifies that such notice must be reasonable to be

effective. The provisions of the Civil Code must be construed to give effect to its purposes and to promote justice. (Civ. Code, § 4; *Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].) Yet, whether or not the 27-day notice to respondent was reasonable was a question to be determined only by a timely section 473 motion. A default judgment is not void where the alleged lack of jurisdiction is not evident on the face of the record. (*National Diversified Services, Inc.* v. *Bernstein, supra,* 168 Cal.App.3d 414, 415.)

We distinguish this case from *Twine* v. *Compton Supermarket* (1986) 179 Cal.App.3d 514 [224 Cal.Rptr. 562]. Although relying on the 30-day rule in *Plotitsa,* the court in *Twine,* a personal injury suit, correctly held that the default judgment exceeded the trial court's jurisdiction because it was entered only 3 days after service by mail of the statement of damages. (P. 517.) Unlike the present action, the lack of reasonable notice in that case was apparent on the face of the record.

The judgment is reversed and set aside.

Costs on appeal are awarded to appellant.

Gilbert, J., and Abbe, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 24, 1987.