Filed 10/21/15  P. ex rel. Mullen v. Green Vine Collective CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE ex rel. JOHN P. MULLEN, as Oceanside City Attorney, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> GREEN VINE COLLECTIVE et al., <br><br> Defendants; <br><br> JOHN NOBEL, as Trustee, etc., <br><br> Real Party in Interest and Appellant. | D066609 <br><br><br> (Super. Ct. No. 37-2013-00047878-CU-MC-NC) |

APPEAL from a postjudgment order of the Superior Court of San Diego County, Jacqueline M. Stern, Judge.  Reversed and remanded with directions.

The Law Offices of Nathan Shaman and Nathan A. Shaman, Defendant and Appellant.

John P. Mullen, City Attorney, and Annie Perrigo, Deputy City Attorney, for Plaintiff and Respondent.

INTRODUCTION

Real party in interest John Nobel, Trustee of the J.I. Nobel Family Trust (sued in this case as Nobel Family Trust 02-18-98) (Trust), appeals from a postjudgment order denying his motion to vacate a default judgment entered against the Trust. Nobel contends we must reverse the order and direct the trial court to enter a new order vacating the default judgment because the court lacked jurisdiction over the Trust and the default judgment is, therefore, void. We agree and reverse the order.

BACKGROUND

The People of the State of California through the City Attorney of the City of Oceanside (People) sued the Green Vine Collective and the Trust for abatement, injunction, equitable relief, and civil penalties arising from the operation of an unlicensed and unpermitted medical marijuana dispensary on Trust property. The complaint did not name either of the Trust's trustees as representative parties.[1]

The People subsequently obtained a default judgment against the Green Vine Collective and the Trust.[2] The judgment included an award of penalties and attorney's fees totaling $494,600. It also included a permanent injunction enjoining the Green Vine Collective and the Trust from, among other actions, operating a medical marijuana dispensary in the City of Oceanside without a business license. Notwithstanding their

_____

[1]     Nobel and his wife are the Trust's trustees.

[2]     Green Vine Collective is not a party to this appeal.

2

failure to name either of the Trust's trustees as parties to the action, the People served notice of entry of judgment on Nobel.

Approximately 10 months later, after the People unsuccessfully attempted to have the trial court hold the Trust in contempt for violating the permanent injunction, Nobel moved to vacate the judgment on the ground the judgment was facially void because a trust is not a suable entity and, therefore, the court lacked personal jurisdiction over it.[3] The People countered the court had personal jurisdiction over the Trust because the Trust was properly served with a summons and it was incumbent upon Nobel to raise any issue regarding the Trust's capacity to be sued by moving to quash service of the summons.[4]

The trial court denied the motion. Although it acknowledged the judgment against the Trust was meaningless and could not be enforced, it disagreed the judgment was necessarily void for lack of personal jurisdiction.

---

[3]     The record does not indicate why the trial court declined to hold the Trust in contempt. The People state in their appellate brief the trial court based its decision on a finding the Trust was not a suable entity.

[4]     Although not directly at issue in this appeal, neither assertion is correct. "A nonexistent entity may not be effectively served with summons as a named defendant." (*Omega Video v. Superior Court* (1983) 146 Cal.App.3d 470, 477.) In addition, a party is not required to bring a motion to quash to challenge a judgment void for lack of personal jurisdiction. (See *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1250.)

3

DISCUSSION

I

*Vacating the Judgment*

"The court … may, on motion of either party after notice to the other party, set aside any void judgment or order." (Code Civ. Proc., § 473, subd. (d).) A motion to vacate a judgment " ' "is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse … the exercise of that discretion will not be disturbed on appeal.' " [Citations.] The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Strathvale Holdings v. E.B.H.*, *supra*, 126 Cal.App.4th at p. 1249.)

"A judgment is void if the court rendering it lacked subject matter jurisdiction or jurisdiction over the parties. Subject matter jurisdiction 'relates to the inherent authority of the court involved to deal with the case or matter before it.' [Citation.] Lack of jurisdiction in this 'fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.]

"In a broader sense, lack of jurisdiction also exists when a court grants 'relief which [it] has no power to grant.' [Citations.] Where, for instance, the court has no power to act 'except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites,' the court acts without jurisdiction in this broader sense. [Citation.] [¶] Collateral attack of such judgments is disfavored, even when the judgment is unauthorized by statute. [Citations.] In some

4

cases, however, if the trial court has made 'a grant of relief to one of the parties [which] the law declares shall not be granted,' such judgment may be considered void for lack of jurisdiction notwithstanding the court's jurisdiction over the person and the subject matter." (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691-692; *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493 [a judgment may be void on its face because the court lacked personal or subject matter jurisdiction, or because the court granted relief it had no power to grant]; *Connelly v. Castillo* (1987) 190 Cal.App.3d 1583, 1588 [same].)

Here, the trial court had no power to enter a judgment in favor of the People against the Trust. A trust is not person. It is a fiduciary relationship with respect to property. (*Portico Management Group, LLC v. Harrison* (2011) 202 Cal.App.4th 464, 473 (*Portico*).) A trust cannot sue, be sued, or be a judgment debtor. (*Ibid.*; Code Civ. Proc., §§ 680.250, 680.280.) Only a trustee, as the real party in interest, may defend an action against a trust. (*Portico*, *supra*, at p. 473.) The judgment against the trust was, therefore, meaningless and unenforceable. (*Id.* at p. 474; see *Oliver v. Swiss Club Tell* (1963) 222 Cal.App.2d 528, 537-538 [a judgment against a nonentity incapable of suing or being sued is void *ab initio*].) Accordingly, the trial court exceeded the bounds of reason by denying Nobel's motion to vacate the judgment.

II

*Amending the Judgment*

As part of their opposition to Nobel's motion to vacate the judgment, the People requested the trial court amend the judgment to add the Trust's trustees as judgment

5

debtors on the theory the trustees are the Trust's alter egos.  The trial court did not address the People's request.  The People reiterate their request on appeal.  Assuming, without deciding, this request may be properly raised on appeal, we deny it.

"Section 187 of the Code of Civil Procedure grants to every court the power to use all means to carry its jurisdiction into effect, even if those means are not set out in the code.  [Citation.]  Under section 187, the court has the authority to amend a judgment to add additional judgment debtors.  [Citation.]

"Judgments are often amended to add additional judgment debtors on the grounds that a person or entity is the alter ego of the original judgment debtor.  [Citations.]  This is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant.  [Citations.]  'Such a procedure is an appropriate and complete method by which to bind new individual defendants where it can be demonstrated that in their capacity as alter ego of the [original judgment debtor] they in fact had control of the previous litigation, and thus were virtually represented in the lawsuit.' "  (*NEC Electronics Inc. v. Hurt* (1989) 208 Cal.App.3d 772, 778-779, fn. omitted.)  Nonetheless, because of due process and related concerns, this procedure may not be used, as the People desire, to amend a *default* judgment to add the names of additional judgment debtors.  (See *Motores de Mexicali, S.A. v. Superior Court of Los Angeles County* (1958) 51 Cal.2d 172, 175-176; *NEC Electronics Inc.*, *supra*, at p. 780.)

6

DISPOSITION

The order is reversed. The matter is remanded to the trial court with directions to issue a new order granting the motion and vacating the default judgment. Appellant is awarded his costs on appeal.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

McDONALD, J.