Filed 9/14/16  The Judgment Experts v. Angelo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE JUDGMENT EXPERTS,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY ANGELO et al.,<br><br>    Defendants and Appellants. | G051252<br><br>(Super. Ct. No. 03CC12016)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Reversed with directions.

Kevin E. Monson for Defendants and Appellants.

The Yarnall Firm and Delores A. Yarnall; The Law Office of Paul P. Young, Paul P. Young and Joseph Chora for Plaintiff and Respondent.

## INTRODUCTION

This is an appeal from an order denying a motion to vacate the renewal of a default judgment. Appellant Anthony Angelo moved for the order on the ground that the original plaintiff and judgment creditor, Ali Jabbari, failed to serve the notice required by Code of Civil Procedure sections 425.11 and 425.115 when the default was entered in 2005.[1] These notices were required before the court could award damages for personal injury and punitive damages as part of a default judgment. There was no dispute that neither notice was served before the entry of default judgment over 10 years ago.

The court denied the motion to vacate on the ground that the complaint itself stated the amount of damages. Therefore Angelo knew what he was facing in terms of potential recovery if a default judgment was entered.

We reverse. The statute requires a plaintiff seeking a default in a case based on personal injury or wrongful death to serve a notice of these damages on the defendant "before a default may be taken." In other words, no default is permitted without the notice. It follows then that there could be no default judgment for personal injury damages against Angelo because no default could have been taken against him for these damages. Accordingly the matter will be returned to the trial court for a correction of the amount of the judgment, eliminating the amounts awarded for personal injury.

## FACTS

Jabbari alleged that he and his daughter, Ladan, occupied the guesthouse on a large gated estate. Angelo and his wife, appellant Virginia Angelo, lived in the main house. On October 1, 2003, Jabbari went out to dinner. When he returned, he found his way blocked by a pickup truck. Unable to reach the guesthouse, he checked into a motel. When he finally was able to gain access to the guesthouse two days later, he found his

---

[1] The judgment has apparently since been assigned to the present respondent, The Judgment Experts.

All further statutory references are to the Code of Civil Procedure.

2

and his daughter's most valuable possessions removed. Among his possessions were not only personal items, but also items necessary to operate his numerous business enterprises.[2] He alleged that his daughter's dog was also taken, the existence of which the Angelos denied, and, as the dog was not recovered, Jabbari concluded the Angelos had killed it.

Jabbari and Ladan filed the first amended complaint on March 3, 2004. The causes of action were forcible entry, conversion, quiet title, intentional infliction of emotional distress, interference with prospective economic advantage, and negligence. The complaint alleged emotional distress damages of $100,000,000 in the conversion cause of action, in the intentional infliction of emotional distress cause of action, and in the negligence cause of action. It asked for statutory damages under section 1174, subdivision (b), for forcible entry.

The court set a pretrial case management conference for February 7, 2005, at which the Angelos did not appear. When they also did not appear in response to an order to show cause re dismissal, set for March 5, the trial court struck their answers. The Angelos' default was entered on April 1, the prove-up hearing took place on April 12, and judgment was entered against them on April 20, 2005.

The default judgment finally entered – as it pertained to the Angelos – awarded Jabbari $1.8 million in compensatory damages for intentional infliction of emotional distress, $35,000 in damages for conversion, and $500,000 for "egregious and outrageous" forcible entry.[3] In addition the court tacked $140,000 in punitive damages onto the conversion award. The judgment did not mention an award to Ladan.

---

[2] The story is actually more complicated, but we have streamlined it to focus only on those facts relevant to the default judgment subsequently entered against the Angelos.

[3] The minute order entered after the default prove up awarded Jabbari $1.8 million in damages for conversion and emotional distress, $35,000 in compensatory damages in $140,000 in punitive damages for damage to personal property, and $500,000 in damages for forcible entry and further emotional distress.

The judgment was apparently assigned to S.K. Judgment, Inc., and in May 2014, the assignee, now called The Judgment Experts, applied to renew the judgment. Angelo[4] moved to vacate the judgment pursuant to section 683.170 on the grounds that, among other things, no statement of damages for personal injury pursuant to section 425.11, subdivision (c), or statement of intention to seek punitive damages under section 425.115, subdivision (f), had been served prior to taking his default. The court set an order to show cause hearing to determine whether the judgment should be vacated. The tentative ruling was to grant the motion for failure to serve the required notices. After the subsequent hearing, however, the court denied the motion, but reduced the amount of the judgment by the $140,000 awarded for punitive damages.

## DISCUSSION

Section 683.120 provides: "(a) The judgment creditor may renew a judgment by filing an application for renewal of the judgment with the court in which the judgment was entered. [¶] (b) Except as otherwise provided in this article, the filing of the application renews the judgment in the amount determined under Section 683.150 and extends the period of enforceability of the judgment as renewed for a period of 10 years from the date the application is filed." Section 683.170, subdivision (a), provides, "The renewal of a judgment pursuant to this article may be vacated on any ground that would be a defense to an action on the judgment, including the ground that the amount of the renewed judgment as entered pursuant to this article is incorrect, and shall be vacated if the application for renewal was filed within five years from the time the judgment was previously renewed under this article." The denial of an order to vacate a renewal of a judgment is an appealable order. (*Jonathan Neil & Associates, Inc. v. Jones* (2006) 138 Cal.App.4th 1481, 1487.) On review, we examine the evidence in the light most

---

[4] Although the default judgment was entered against Virginia Angelo and another person, only Anthony Angelo moved to vacate it.

4

favorable to the order, and we review the order for abuse of discretion. (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 199.)

I.      **Failure to Serve Section 425.11 Notice**

Section 425.10, subdivision (b), prohibited a statement of an amount of damages for personal injury in Jabbari's complaint. Section 425.11 governed the specification of this amount.

Section 425.11, subdivision (b), provides in pertinent part, "When a complaint is filed in an action to recover damages for personal injury or wrongful death, the defendant may at any time request a statement setting forth the nature and amount of damages being sought." Subdivision (c), provides, "If no request is made for the statement referred to in subdivision (b), the plaintiff shall serve the statement on the defendant before a default may be taken." From 1974, when the statute was enacted, until 1993, the notice in default cases had to specify "the amount of general and special damages sought to be recovered."[5] The 1993 amendment replaced this phrase with the more general language of the present statute.

We do not agree with respondent that the allegations of emotional distress were "incidental" to the first amended complaint. The complaint included a separate cause of action for intentional infliction of emotional distress and alleged hundreds of millions of dollars in emotional distress damages. The language of the 2005 minute order and the judgment makes it clear that emotional distress was central to Jabbarri's claims. Emotional distress is unquestionably a form of personal injury. (See *Schwab v. Rondel*

---

[5] "'General damages are those which necessarily follow from the injury inflicted on the plaintiff, and are implied by law to have thereby accrued to him, although they need not always result from the commission of a particular wrong. Special damages, on the other hand, are those actually sustained by the plaintiff, and are not implied in law.' [Citation.] In personal injury actions, general damages include 'physical pain and mental suffering, sickness, loss of earning capacity and of [spouse's] services.' [Citation.] In contrast, medical expenses and loss of profits of a business, as distinguished from loss of earning capacity, constitute special damages. [Citation.]" (*Parish v. Peters* (1991) 1 Cal.App.4th 202, 210, fn. 9.)

5

*Homes* (1991) 53 Cal.3d 428, 432 (*Schwab*) [plaintiffs' claim for emotional distress covered by section 425.10].)

Nor is there any dispute that the plaintiffs failed to serve the notice regarding damages for personal injury required by section 425.11 before a default may be entered. The first amended complaint, however, alleged a specific amount – $100,000,000 – in personal injury (emotional distress) damages in each of three causes of action, thereby violating section 425.10. The question before us is whether improperly alleging this amount in the complaint satisfies the notice requirement of section 425.11, or whether Jabbari had to serve a separate section 425.11 notice notwithstanding the allegations of the complaint.

The weight of the statutory scheme and the relevant case law favors requiring a separate statement of personal injury damages. In the first place, the statute itself uses the mandatory "shall" in referring to the service of the notice "before a default may be taken." Numerous cases have held that the intent of the statute is to provide the defendant with the "last clear chance" to defend the complaint before entry of default completely cuts off his or her opportunity to participate. (See, e.g., *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 860; *Garamendi v. Golden Eagle Ins. Co.* (2004) 116 Cal.App.4th 694, 704; *Scognamillo v. Herrick* (2003) 106 Cal.App.4th 1139, 1148; *Damele v. Mack Trucks, Inc.* (1990) 219 Cal.App.3d 29, 41; *Connelly v. Castillo* (1987) 190 Cal.App.3d 1583, 1588; *Jones v. Interstate Recovery Service* (1984) 160 Cal.App.3d 925, 928-929 (*Jones*); *Plotitsa v. Superior* Court (1983) 140 Cal.App.3d 755, 760 (*Plotitsa*); *Stevenson v. Turner* (1979) 94 Cal.App.3d 315, 319-320.) In addition, the statute requires the plaintiff to specify "the nature and amount of damages being sought," a feature not required of complaints. This specificity is particularly important in cases that stretch out over some period of time, where the vague and often exaggerated allegations of damages in the complaint may have faded from memory or have been overlaid by amounts mentioned in discovery or settlement talks. It also assists the

defendant in evaluating the provability of the damage claims and thus whether it is worthwhile to defend. (See, e.g., *Jones, supra,* 160 Cal.App.3d at p. 929; *Plotitsa, supra,* 140 Cal.App.3d at pp. 761-762.) In this case in particular, Angelo could have maintained serious doubts as to whether Jabbari would be able to prove an entitlement to the $300 million in emotional distress damages alleged in the complaint. Angelo was entitled to a specific statement of what Jabbari thought he could establish through evidence at the default prove up.

Our courts have held that, given the potential for due process violations, the rules concerning defaults and default judgments must be followed to the letter.[6] (See, e.g., *Pelayo v. J. J. Lee Management Co., Inc.* (2009) 174 Cal.App.4th 484, 498; *Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 691; *Finney v. Gomez* (2003) 111 Cal.App.4th 527, 535; *Parish v. Peters* (1991) 1 Cal.App.4th 202, 207; *Lopez v. Fancelli* (1990) 221 Cal.App.3d 1305, 1309-1310; *Jones, supra,* 160 Cal.App.3d at p. 928.) "It would undermine this concern for due process to allow the judgment herein to stand despite plaintiff's failure to meet the requirements of sections 425.10 or 425.11." (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 827.)

The law is clear that no substitute for a section 425.11 notice is permitted. (See *Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308, 1321 [formal notice essential to default judgment]; *Morgan v. Southern Cal. Rapid Transit Dist.* (1987) 192 Cal.App.3d 976, 986 [interrogatory responses], disapproved on other grounds in *Schwab, supra,* 53 Cal.3d 428.) The law is equally clear that a default judgment awarding personal injury damages in the absence of compliance with section 425.11 is void. (*Lopez v. Fancelli, supra*, 221 Cal.App.3d at p. 1307; *Twine v. Compton Supermarket* (1986) 179 Cal.App.3d 514, 517-518; *Plotitsa v. Superior Court, supra,* 140

---

[6] In the same vein, default judgments have been reversed in non-personal-injury cases where the complaint did not state an amount but the plaintiff served a section 425.11 notice. (See, e.g., *Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 970-971.) The correct procedure in such cases is the service of an amended complaint.

7

Cal.App.3d at p. 760; *Petty v. Manpower, Inc.* (1979) 94 Cal.App.3d 794, 798; *Stevenson v. Turner, supra,* 94 Cal.App.3d at pp. 317, 319.) That a judgment is void would be "a defense to an action on the judgment" and would thus qualify a defendant for relief under section 683.170. (See *Fidelity Creditor Service, Inc. v. Browne, supra,* 89 Cal.App.4th at p. 202 [failure to serve process voids judgment and is defense to action on judgment].)

The trial court arrived at its decision to deny the motion to vacate in reliance on the portion of section 580, subdivision (a), which provides "[t]he relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for by Section 425.115 . . . ." The court seems to have taken this language to mean that it had a choice of where to look for a specification of the amount of damages awardable in a default judgment – the complaint, the section 425.11 notice, or the section 425.115 notice. It chose the complaint.

The problem with this interpretation is that it overlooks the language of section 425.11. This section does not deal with default *judgments*; it deals with *defaults*. It provides that a plaintiff must serve the proper notice before a *default* may be taken in an action for personal injury damages. (§ 425.11, subd. (c).) Put another way, a defendant cannot be in default on a claim for personal injury until the notice is served. Unless the proper notice has been properly served, the court never even considers a default judgment for these damages. There is no valid default upon which to base such a judgment.

**II.          Award for Forcible Entry[7]**

The judgment awarded Jabbari $500,000 in damages for forcible entry "that caused deprivation of the right of occupancy and conversion of property, all causing [Jabbari] to suffer emotional distress." The first amended complaint alleged damages in the amount of $500 per day from October 1, 2003, to the date of trial for "use of the Subject Property," plus statutory damages under section 1174, subdivision (b).[8] The complaint also alleged damages for his being unable to use the personal property of $10,000 per day from October 1, 2003. Jabbari did not seek punitive damages under this cause of action, other than the statutory damages allowed by section 1174, subdivision (b). He also did not specify any dollar amount for emotional distress.

The record does not clearly reveal the basis for the amount of $500,000 for forcible entry. The minute order stated that the award was for "Forcible Entry and further Intentional Infliction of Emotional Distress." The judgment, however, referred to right of occupancy, conversion of property, and emotional distress.

The first amended complaint alleged damages for forcible entry at $500 per day from October 3, 2003, to the date of trial. The date of the prove up hearing was April 12, 2005, so damages accrued for about 18 months. At $500 per day, this amount would be approximately $275,000. Section 1174, subdivision (b) caps damages for malicious forcible entry at $600. If these were the only components of the award for forcible entry

---

[7]     "[A]lthough the court does not comb the record for errors not pointed out by appellant, it is 'at liberty to consider, and even to decide, a case upon any points that its proper disposition may seem to require whether taken by counsel or not. . . .' [Citation.]" (*Stevenson v.Turner, supra*, 94 Cal.App.3d at pp. 318-319.) In *Stevenson*, the reviewing court reversed the judgment for failure to comply with section 425.11. In this case, as we are sending the matter back to the trial court to modify the judgment, we include what is necessary to get it right.

[8]     Section 1174, subdivision (b), provides, "The jury or the court, if the proceedings be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent. If the defendant is found guilty of forcible entry, or forcible or unlawful detainer, and malice is shown, the plaintiff may be awarded statutory damages of up to six hundred dollars ($600), in addition to actual damages, including rent found due. The trier of fact shall determine whether actual damages, statutory damages, or both, shall be awarded, and judgment shall be entered accordingly."

9

(other than emotional distress), the $500,000 award was not supported by the allegations of the complaint, and the judgment is void to the extent that it exceeded the approximate sum of $275,600. (See *Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1521 [default judgment void if greater than amount demanded in complaint].)

It is not clear, however, whether the award in this case included damage to personal property, which the complaint alleged to be $10,000 per day. Recovery in a tort action for forcible entry includes consequential damages, such as those for emotional distress and property damage. (*Spinks v. Equity Residential Briarwood Apartments* (2009) 171 Cal.App.4th 1004, 1040.)

The trial court awarded Jabbari $35,000 for conversion of his personal property, and it cannot award damages for the same tort twice. If the corrected award for forcible entry damages exceeds the approximately $275,600 allowable for loss of use of the real property, the award must be for damages other than those for conversion. It cannot include damages for emotional distress, for which no dollar amount was pleaded. Any award for these personal property damages will, of course, be based on the evidence presented to the court at the time of the prove up hearing. (§ 585, subd. (b).)[9]

## III.       Return of Judgment to Trial Court

The next question is whether the failure to serve the notice required by section 425.11 voids the whole default judgment or just the part dealing with personal injury damages. If the default judgment is at all salvageable, the usual practice is not to scrap it entirely. Sometimes when a default judgment must be vacated for a mistake in the award, the appellate court can simply modify the judgment to insert the correct amount or order the trial court to do so. (See *Schwab, supra,* 53 Cal.3d at p. 433; *Barragan v. Banco BCH* (1986) 188 Cal.App.3d 283, 305 [default judgment modified to conform to prayer]; *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 494-495;

---

[9] Fortunately, the judge who entered the default judgment in 2005 is the same one who denied the motion to vacate.

10

*Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1743.) We cannot do either one here, however, because the record does not show the amount of damages correctly attributable to forcible entry.

To the extent that the default judgment awarded damages for personal injury in the absence of a notice pursuant to section 425.11, subdivision (c), it is a void judgment. The award of $1.8 million for intentional infliction of emotional distress must therefore be subtracted from the judgment. The second award, for conversion, did not include an award for emotional distress, and the trial court has eliminated the punitive damages award for that cause of action. This portion of the judgment needs no further correction. This leaves the third award, for forcible entry. The trial court must deduct any amount awarded for emotional distress. In addition, to the extent the award exceeded the amount specified in the first amended complaint for loss of use of the property, and to the extent it duplicated the award for conversion, the amount of the award must be adjusted downward accordingly.

## DISPOSITION

The order denying the motion to vacate the default judgment is reversed. The trial court is directed to enter a modified default judgment (1) deleting the award for intentional infliction of emotion distress, (2) deleting the award for punitive damages for conversion, and (3) awarding only those damages for forcible entry that correspond to those alleged in the complaint, that do not include damages for emotional distress, that do not duplicate the award for conversion, and that "appear[] by the evidence to be just" (§ 585, subd. (b)). Respondent's motion to augment the record is granted as to Item 16

11

(declaration of Ali Jabbari in support of default judgment) and Item 20 (application for and renewal of judgment) and denied as to the rest of the documents. Appellants are to recover their costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

ARONSON, J.