[Civ. No. 33030. Fourth Dist., Div. Two. Oct. 10, 1984.]

HENRY JONES et al., Plaintiffs and Appellants, v.
INTERSTATE RECOVERY SERVICE, Defendant and Respondent.

926

COUNSEL

Michael B. Lloyd for Plaintiffs and Appellants.

Murchison & Cumming and Dallas Sacher for Defendant and Respondent.

---

## OPINION

**RICKLES, J.**—This case involves the appeal of a trial court's order setting aside a default judgment entered against defendants. The underlying facts involve the repossession of plaintiffs' automobile. Plaintiffs filed their initial complaint for trespass, assault, conversion and infliction of emotional distress against the Bank of America. Codefendant, Interstate Recovery Service, was subsequently served as Doe I. While in the process of apparently wrongfully repossessing plaintiffs' automobile, employees of defendant Interstate Recovery Service were surprised by plaintiffs. Plaintiff Acqueanetta Jones, pregnant at the time, was apparently thrown up against the wall of the garage. Plaintiffs' children were also present when this incident occurred and it is alleged they have suffered emotional injury as a result.

Personal service was effected on defendant Interstate Recovery Service on January 26, 1983. Concerning the first cause of action, trespass, the complaint specifically requested general damages in the sum of $5,000 and punitive damages in the sum of $250,000; concerning the second cause of action, assault, plaintiffs specifically requested $25,000 in general damages and $250,000 for punitive damages; plaintiffs' third cause of action apparently deals with the intentional infliction of emotional distress on their minor children. They requested general damages in the sum of $25,000 and punitive damages in the sum of $100,000. The fourth cause of action deals with a combination of assault and intentional infliction of emotional distress on plaintiffs' children. Plaintiffs therein requested $50,000 for general damages and $50,000 for punitive damages. And plaintiffs' fifth cause of action involves wrongful repossession and the intentional infliction of emotional distress on plaintiffs and their children; she has requested $10,000 for general damages and punitive damages in the sum of $10,000 per child. Each of these money requests appear in the complaint that was served on Interstate Recovery Service as Doe I. By April 7, 1983, plaintiffs had not received a response from Interstate Recovery Service. As a result, plaintiffs filed a request to enter default judgment. That request did not mention any amount of damages. After hearing, the trial court awarded default judgment in favor of plaintiff. The court awarded $5,000 on the first cause of action, $25,000 on the second cause of action, $15,000 as to the third cause of action, $25,000 on the fourth cause of action, and $10,000 on the fifth cause of action. In addition, the court awarded a total of $40,000 in punitive damages. As a result, Interstate Recovery Service was held liable for a total amount of $120,000. Judgment was accordingly entered. On June 24, 1983,

Interstate Recovery Service filed a motion for relief of default judgment. The motion was brought on the sole ground that the default judgment was void in that plaintiffs failed to personally serve Interstate Recovery Service with a statement of damages as required by Code of Civil Procedure section 425.11. The trial court apparently agreed because the motion for relief of default was granted. Plaintiffs appeal from that order relieving defendant of default judgment.

## DISCUSSION

■ While the general rule limits appeals to judgments, certain exceptions to this rule are recognized. Plaintiffs, in this instance, fall within one exception in their appeal from an order setting aside a default judgment. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 88.)

The issue before us is what constitutes sufficient notice of damages in order to enter a default judgment. Code of Civil Procedure section 425.11, which applies to complaints to recover damages for personal injury or wrongful death, provides that prior to default, "the plaintiff shall give notice to the defendant of the amount of special and general damages sought to be recovered. . . ."

Section 425.11 operates in conjunction with section 425.10, which mandates that a complaint for damages resulting from personal injuries or wrongful death shall not state the amount of damages sought. (2) The purpose of this omission is to protect the defendants from adverse publicity resulting from inflated demands, particularly in medical malpractice cases. (*Review of Selected 1974 California Legislation* (1975) 6 Pacific L.J. 125, 217.)

■ Default judgment is a procedural device designed to clear the court's calendar and files of those cases which have no adversarial quality. In order to reach the default stage, a party must follow certain well-defined rules which ensure that a defendant has sufficient knowledge of the pending action. Of course, a defendant may choose to vigorously defend or simply ignore the plaintiff's claims. The rules governing default judgment provide the safeguards which ensure that defendant's choice is a fair and informed one.

Because default judgment ends the controversy, the rules leading to it are precise and should be followed to the letter. Where a plaintiff fails to adhere to those rules, a defendant need not suffer the consequences a default judgment brings.

■ Section 425.11 was designed to give a defendant "one 'last clear chance' to respond to the allegations of the complaint and to avoid the

precise consequences . . . [of] a judgment for a substantial sum . . . [without] any actual notice of . . . potential liability." (*Stevenson* v. *Turner* (1979) 94 Cal.App.3d 315, 320 [156 Cal.Rptr. 499].) Leaving out a step in the process can hardly be deemed "one last *clear* chance."

The amount of general damages awarded is usually correlated to the special damages proved. Where a default judgment is entered without defendant being informed of the potential special damages, the defendant lacks sufficient knowledge to make the decision of defending against or ignoring plaintiff's claims.

Section 425.11 has been construed to require "a statement of both special and general damages sought [because] . . . such information aids a defendant in evaluating the validity of plaintiff's damage claims with regard to their provability." (*Plotitsa* v. *Superior Court* (1983) 140 Cal.App.3d 755, 761-762 [189 Cal.Rptr. 769].) In the present case, plaintiffs requested a specific amount of general damages as to each cause of action. Defendant was not apprised of the potential special damages. Rather the complaint alleged the specials would be established and proved at a later date.

Given the correlative relationship between the amount of general damages awarded and the special damages proved, we conclude a defendant is entitled to a statement of specials prior to the entry of default. A defendant might base a decision to defend on the amount of specials. In this instance the defendant had no knowledge of the alleged special damages and therefore could not make an informed decision concerning plaintiffs' claims. Section 425.11 was designed to provide defendants with such information.

We are cited to *Uva* v. *Evans* (1978) 83 Cal.App.3d 356 [147 Cal.Rptr. 795], wherein the complaint and request for default specified general damages of $30,000. That court initially concluded the mandates of section 425.11 had been satisfied because "the amount of damages sought was contained in every piece of paper which plaintiff served on defendant . . . [so] defendant suffered no conceivable prejudice from [the resulting default judgment]." (*Id.*, at p. 361.) The court went on to say that the failure to specify the special damages did not prejudice defendant because the trial court based its award on the general damage claim only. The court stated "[d]efendant has not shown any prejudice flowing from the lack of specification of special damages, nor can we imagine any." (*Id.*)

Interestingly enough, however, the *Uva* court did reverse because of an abuse of discretion in awarding $30,000 to the plaintiff who suffered "a couple of average dog bites." (*Id.*, at p. 365.) As we stated above, the amount of general damages is usually based on the amount of specials

proved. A defendant may choose not to defend based on the amount of specials alleged. Consequently we need not probe our imagination deeply to discern prejudice to a defendant who was not apprised of the amount of special damages incurred. To this extent we disagree with *Uva* v. *Evans*, *supra*.

Plaintiffs would have us partially reverse on the causes of action which do not involve personal injury because section 425.11 would not apply. We decline. In this instance, plaintiffs' nonpersonal injury claims are tied so closely to the personal injury claims that section 425.11 applies to all causes of action.

Affirmed.

Morris, P. J., and Kaufman, J., concurred.