·[No. A032544. First Dist., Div. Five. Dec. 15, 1987.]

KENNETH HAMM, Plaintiff and Appellant, v.
ARMON ELKIN, Defendant and Respondent.

**COUNSEL**

Doris Hale Slater for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

**OPINION**

**KING, J.**—In this case we hold that service of a statement of damages after taking a default but before entry of the default judgment did not satisfy the

requirement of Code of Civil Procedure section 425.11 that a statement of damages must be served "before a default may be taken" in a personal injury case.

Kenneth Hamm filed a complaint alleging that Armon Elkin had punched him in the face. The complaint sought unspecified general and special damages and $100,000 punitive damages. Elkin was personally served on October 19, 1984.

Hamm filed a request to enter default in the amount of $100,000 plus costs on November 20, 1984. He filed a statement of damages (Code Civ. Proc., § 425.11) on January 7, 1985, specifying $100,000 punitive damages, $5,000 consequential damages, and "unknown" medical and special damages. Elkin failed to appear at the hearing on damages. On March 13, 1985, the court rendered a default judgment awarding Hamm $5,000 general damages and $5,000 punitive damages.

On May 16, 1985, Elkin moved for relief from the default. (Code Civ. Proc., § 473.) He admitted he had hit Hamm during an argument which arose while the two were attempting to park their cars; he had pleaded guilty to a criminal charge of battery and paid a $500 fine. Elkin asserted he had believed the civil suit could not result in a substantial damage award because Hamm had sustained no injuries, and he did not realize the suit might have serious consequences until he received the statement of damages.

The court granted the motion from the bench on June 14, 1985. Hamm filed a notice of appeal on August 13, 1985.

The superior court file does not contain a minute order setting aside the default and default judgment, although the court's ruling on the motion is entered in the register of actions. Technically, no appealable order has yet been rendered. However, to dismiss the appeal merely for preparation of a minute order and a new appeal would be a waste of judicial time. The appropriate procedure is for us to order the superior court to enter, nunc pro tunc as of the date the motion was granted, a minute order setting aside the default and default judgment, and to treat the notice of appeal as a premature but effective appeal from that order. (*Dominguez* v. *City of Alhambra* (1981) 118 Cal.App.3d 237, 242 [173 Cal.Rptr. 345]; *Powers* v. *Sissoev* (1974) 39 Cal.App.3d 865, 870 [114 Cal.Rptr. 868].)

 Code of Civil Procedure section 425.11 states that in a personal injury or wrongful death action, a statement of the nature and amount of damages being sought must be served on the defendant "before a default

may be taken." The question presented here is whether the statute requires a statement of damages before the default is entered by the clerk (hereafter referred to as the "clerk's default"), or only before the court renders a default judgment after hearing the evidence of damages. (See Code Civ. Proc., § 585, subd. (b).) The trial court followed the former interpretation; Hamm urges the latter.

The court correctly interpreted the statute as requiring the statement of damages before the clerk's default. This interpretation is appropriate for a number of reasons. It furthers the strong policy of the law in favor of adjudication on the merits. It recognizes that knowledge of the alleged amount of damages may be crucial to a defendant's decision whether to permit a clerk's default. (See *Jones* v. *Interstate Recovery Service* (1984) 160 Cal.App.3d 925, 930 [206 Cal.Rptr. 924].) It reflects the common understanding that a clerk's default is "taken" by counsel while the default judgment is "entered" by the court. Finally, one purpose of section 425.11 is to give the defendant a final chance to respond to the allegations of the complaint (*Stevenson* v. *Turner* (1979) 94 Cal.App.3d 315, 319-320 [156 Cal.Rptr. 499]), and this purpose would be frustrated if the plaintiff could wait until after the clerk's default before serving the statement, when the defendant could respond only on the issue of damages.

The decision in *Petty* v. *Manpower, Inc.* (1979) 94 Cal.App.3d 794, 799 [156 Cal.Rptr. 622], supports this interpretation. The court in *Petty* not only reversed a default judgment for want of a statement of damages, but also said the trial court erred in denying a prejudgment motion to vacate the clerk's default, because the default could not be taken until service of the statement. (See also *Plotitsa* v. *Superior Court* (1983) 140 Cal.App.3d 755 [189 Cal.Rptr. 769].)

 Hamm relies on *Uva* v. *Evans* (1978) 83 Cal.App.3d 356, 360-361 [147 Cal.Rptr. 795], which said that the absence of a statement of damages was not prejudicial because the complaint had requested $30,000 general damages and thus gave notice of the amount sought. Hamm argues the present case is like *Uva*. because his complaint sought $100,000 punitive damages.

The court in *Jones* v. *Interstate Recovery Service, supra,* 160 Cal.App.3d at pages 929-930, disagreed with *Uva,* stating that a defendant is prejudiced if not apprised of the amount of special damages incurred, since general damages are usually based on the amount of special damages and a defendant may choose not to defend based on the amount of special damages alleged. This reasoning is persuasive. Moreover, even assuming the propriety of *Uva's* harmless error analysis, that analysis is inapplicable here.

Hamm's complaint requested *unspecified* general and special damages in addition to $100,000 punitive damages. The complaint thus could not have fulfilled the function of a statement of damages, as it did not give notice before the clerk's default of the total amount of damages sought.

The superior court is directed to enter, nunc pro tunc as of June 14, 1985, a minute order setting aside the default and default judgment. The order is affirmed.

Low, P. J., and Haning, J., concurred.