**In re Emily Ann WARN, Debtor.**

**Patricia Fleming, Plaintiff,**

**v.**

**Emily Ann Warn, Defendant.**

**Bankruptcy No. 99–13251.**
**Adversary No. 00–1027.**

United States Bankruptcy Court,
N.D. California.

Jan. 22, 2001.

---

17. Case No. 00–60583, Doc. # 1, Schedule F.

18. *Id.* at Schedule I.

19. Pl.Ex. A.

20. Pl.Ex. B.

21. *Id.*

Hilda P. Haselwood, Law Offices of Hilda P. Haselwood, Cotati, CA, for debtors.

Charles E. Sims, Sonoma, CA, trustee.

### Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

■ This court has always considered *In re Nourbakhsh*, 67 F.3d 798 (9th Cir. 1995), to have created a bad rule of law. In that case, the Ninth Circuit held that a default judgment is to be given collateral effect in subsequent bankruptcy dischargeability litigation.

The exceptions to discharge crafted by Congress were intended as a compromise between the public interest in the discharge of debt and the private desire to preserve debt. Under the compromise, fraud and other types of malicious debt are to be excepted from discharge. By allowing default judgments to have preclusive effect, the courts have in effect excepted from discharge debts that may not be the result of any wrongdoing but rather result from neglect, substance abuse, emotional turmoil, or simple inability to afford a lawyer.

Worse, the rule results in complete lack of uniformity: dischargeability is determined based on an arcane rule of state law which differs from state to state. Thus, if a debtor lives in a state which does not give preclusive effect to default judgments, he or she gets a trial on the merits in bankruptcy court on the issue of nondischargeability. See, e.g., *Stokes v. Vierra*, 185 B.R. 341 (N.D.Cal.1995) [applying South Carolina law]. However, if the same default judgment was issued by a state like California which considers default judgments to have been "actually litigated," then the debt is summarily nondischargeable regardless of the debtor's actual conduct. *In re Green*, 198 B.R. 564 (9th Cir. BAP 1996).

Moreover, collateral estoppel is not supposed to be employed where the result is injustice. *Barragan v. Banco BCH* (1986), 188 Cal.App.3d 283, 296, 232 Cal. Rptr. 758. In the opinion of this court, excepting a debt from discharge on the basis of the debtor's wrongdoing, where the debtor has never had a trial on the merits of his or her conduct, in unjust.

Nonetheless, this court is bound to follow the decisions of the Ninth Circuit. It must put its misgivings about Nourbakhsh aside and follow it unless valid grounds exist for distinguishing it.

In this case, plaintiff Patricia Fleming obtained a state court default judgment against debtor and defendant Emily Warn for almost $1 million for alleged slander shortly before Warn filed her Chapter 7 bankruptcy petition. Fleming has moved the court for summary judgment, based on Nourbakhsh.

Warn alleges that the judgment against her is void because the "Statement of Damages" required by California Code of Civil Procedure § 425.11 was improperly served. Legally, the position has merit; a judgment in excess of properly claimed damages is void, and subject to collateral attack. *Nemeth v. Trumbull* (1963), 220 Cal.App.2d 788, 792, 34 Cal.Rptr. 127. However, there are factual problems.

Code of Civil Procedure § 425.11(d)(1) requires that the statement of damages be served in the same manner as a summons and complaint upon a defendant who has not appeared. At first, Warn took the position that she had been only served by mail, even though there was no proper evidence of this fact. After Fleming introduced evidence that the statement was served by both mail and substituted personal service, Warn took the position that this form of service was defective because there was no affidavit of due diligence and the proof of service failed to show the name, address and telephone number of the process server. She appears to be correct as to these defects.

However, under California law there is no hard and fast rule as to when defects in the precise method or timing of service of a statement of damages renders a default judgment void. In each case, the court must determine whether minimum standards of due process have been met. *California Novelties, Inc. v. Sokoloff* (1992), 6 Cal.App.4th 936, 945, 7 Cal. Rptr.2d 795. A default judgment may be upheld where the defendant had actual notice a reasonable time before default was entered. *Schwab v. Rondel Homes, Inc.* (1991), 53 Cal.3d 428, 435, 280 Cal. Rptr. 83, 808 P.2d 226.

In this case, the statement of damages was mailed to Warn and delivered to her home 40 days before her default was entered. While it appears that the statement was not served properly in the same manner as a summons, it appears that the notice given was sufficient to satisfy due process concerns. Accordingly, the court reluctantly concludes that Fleming's motion must be granted.

Counsel for Fleming shall submit a form of order granting her motion for summary judgment and a form of judgment declaring that the state court default judgment is nondischargeable.