Filed 1/19/22  Monticue v. Binko Corp. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DEBORAH Y. MONTICUE et al., | B309983 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC661809) |
| v. | |
| BINKO CORP. et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Affirmed.

Spiegel & Utrera and Nicolas W. Spigner for Defendants and Appellants.

Moran Law, Michael F. Moran and Lisa Trinh Flint for Plaintiffs and Respondents.

Defendants and appellants Binko Corp., doing business as Bentley Manor by Serenity Care Health (Binko), and Bioseh Ogbechie[1] appeal from an order denying their motion to set aside their default and to vacate the default judgment entered in favor of plaintiffs and respondents Deborah Monticue (Deborah) and Howard A. Monticue (Howard), in and through his successor-in-interest Deborah Monticue (collectively, plaintiffs).  We affirm the trial court's order.

## BACKGROUND

On May 17, 2017, plaintiffs filed an action against Binko and others, alleging that Howard was admitted in January 2016 into a residential care facility owned and operated by Binko, and during Howard's stay he developed an infected stage 4 pressure sore on his coccyx that led to his death on August 16, 2016. Plaintiffs asserted causes of action for violation of the Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code, § 15600 et seq.), negligence, willful misconduct, and wrongful death.

**Service of complaint and 2017 statements of damages**

On May 27, 2017, plaintiffs served a copy of the summons and complaint on Binko's attorney, John Valentine, Jr., at Valentine's business address.  Binko's designated agent for service of process at that time, however, was Ogbechie, Binko's sole officer.

On August 3, 2017, plaintiffs attempted to serve on Valentine two separate statements of damages (the 2017

---

[1]      Binko and Ogbechie are referred to collectively as defendants.

2

statements of damages) seeking a total of $1,320,133.29. Valentine was not present at his office, so the process server left copies of the 2017 statements of damages with a receptionist at the office. Later that same day, the process server mailed copies of the 2017 statements of damages to Valentine's business address.

Plaintiffs amended their complaint to add Ogbechie as a defendant on September 15, 2017. On October 12, 2017, plaintiffs mailed a copy of the summons and complaint, along with a notice and acknowledgment of receipt form, to Valentine at his business address. Plaintiffs subsequently received the notice and acknowledgment of receipt form, signed by Valentine and dated October 13, 2017, indicating that he was authorized to accept service on Ogbechie's behalf.

Valentine filed separate answers on behalf of Binko and Ogbechie on November 6, 2017, and November 21, 2017, respectively, as Binko's and Ogbechie's attorney of record. Valentine, Binko, and Ogbechie raised no objection to any possible defects in service of the summons and complaint and no objection to service on Binko of the 2017 statements of damages.

**Motion to compel depositions and Valentine's motion to be relieved as defendants' counsel**

Plaintiffs served deposition notices on Binko and Ogbechie to produce two employees who were Howard's caregivers at Binko's residential care facility. The employees failed to appear for their depositions, and Valentine informed plaintiffs' counsel that his clients refused to produce the employees for deposition. Plaintiffs' counsel proceeded with the depositions and took a certificate of nonappearance. On November 30, 2018, plaintiffs

3

moved for an order to compel Binko's employees to appear for deposition and requested monetary sanctions against defendants.

On December 3, 2018, Binko filed a statement of information with the California Secretary of State designating Valentine as its agent for service of process and listing Valentine's business address as the location where he was authorized to accept service on Binko's behalf.

On December 11, 2018, Valentine filed a motion to be relieved as counsel for defendants. In a declaration submitted in support of the motion, Valentine stated that Ogbechie held a 100 percent ownership interest in Binko and that Ogbechie was defendants' contact person. Valentine further stated that Ogbechie had instructed him to cease working on the case; that he had informed Ogbechie of the consequences of not defending against plaintiffs' action; that he advised Ogbechie of the option of retaining replacement counsel; and that as of the date of Valentine's declaration, Ogbechie had not retained new counsel. Valentine further stated in his declaration that he had mailed defendants a copy of his motion to be relieved as counsel at their last known address, confirmed with defendants via e-mail that the address was current, and informed defendants of the upcoming motion to compel and provided them with a copy of that motion.

Defendants did not file an opposition to the motion to compel. Valentine filed a declaration in response to the motion stating that he had informed Ogbechie about the deposition notices that were the subject of the motion to compel, and that Ogbechie had responded that the deponents would not appear for their scheduled depositions. Valentine further stated that he had e-mailed a copy of plaintiffs' motion to compel to Ogbechie, who

4

responded with an e-mail directing Valentine to stop working on the case.

On December 26, 2018, the trial court granted plaintiffs' motion to compel. The court ordered defendants to produce the two employees for deposition within 30 days and issued monetary sanctions against defendants in the amount of $2,948.75. Plaintiffs served notice of the trial court's ruling on defendants by mail. Plaintiffs also served defendants with deposition notices for the same two employees, scheduled for January 10, 2019.

On January 7, 2019, the trial court granted Valentine's motion to be relieved as defendants' counsel. The court's order, prepared by Valentine, listed defendants' address as 6303 Owensmouth Avenue, 10th floor, Woodland Hills, California. The proof of service signed and filed by Valentine, however, indicated defendants' address as "6300 Owensmouth Avenue."

**Motion for terminating sanctions**

On January 14, 2019, plaintiffs filed a motion for terminating sanctions after defendants failed to produce their employees for deposition. Plaintiffs' motion sought an order striking defendants' answers and an order entering judgment against defendants.

Plaintiffs initially served the motion for terminating sanctions on defendants at the incorrect "6300 Owensmouth Avenue" address. They subsequently corrected the mistake by serving defendants by mail at the correct "6303 Owensmouth Avenue" address. Plaintiffs filed a proof of service on January 24, 2019, showing they had served defendants with the motion for terminating sanctions at the correct address. Binko's then current statement of information filed with the California Secretary of State listed its principal executive office, principal

5

business office, and mailing address as "6303 Owensmouth Avenue."

Defendants did not appear at the January 25, 2019 final status conference. The trial court vacated the February 4, 2019 trial date.

Defendants filed no opposition to plaintiffs' motion for terminating sanctions and failed to appear at the February 22, 2019 hearing on that motion. The trial court granted the motion for terminating sanctions and ordered defendants' answers stricken. The trial court set an April 23, 2019 hearing date for an order to show cause (OSC) re: entry of default and default judgment against defendants.

Plaintiffs served defendants by mail at their 6303 Owensmouth Avenue address with notice of the trial court's ruling granting the motion for terminating sanctions and striking defendants' answers.

**2019 statements of damages**

In March 2019, plaintiffs served four new statements of damages on defendants (the 2019 statements of damages): Howard's statement of damages dated March 6, 2019 to Binko, seeking $1,371,012.98, which included $1 million in punitive damages; Deborah's statement of damages dated March 6, 2019, to Binko in the amount of $753,841.45; and Howard's and Deborah's March 6, 2019 statements of damages to Ogbechie, in the same amounts as their March 6, 2019 statements to Binko.

On March 6, 2019, the process server attempted to personally serve Binko and Ogbechie with the 2019 statements of damages at the 6303 Owensmouth Avenue address. The security guard at the address refused the process server entry to the 10th floor to effect personal service on defendants. The process server

6

left copies of the 2019 statements of damages with the security guard. On March 13, 2019, a second process server mailed copies of the March 2019 statements of damages to defendants at the 6303 Owensmouth Avenue address.

**Entry of default**

On April 17, 2019, plaintiffs filed separate requests for entry of default and for default judgment against defendants. Copies of the requests for entry of default and default judgment were served by mail on defendants at the 6303 Owensmouth Avenue address. The superior court clerk subsequently entered default against defendants as of plaintiffs' requested date— April 17, 2019.

Also on April 17, 2019, plaintiffs filed with the court their evidence in support of their applications for default judgment. Copies of those documents were served by mail on defendants that same day.

Defendants did not appear at the April 23, 2019 hearing on the OSC re: default and default judgment. The trial court continued the matter because it had no record that defaults had been entered against defendants.

Defendants did not appear at the July 12, 2019 continued hearing on the OSC at which the trial court found the proposed judgment needed corrections and directed plaintiffs to resubmit the necessary documents.

On July 29, 2019, the trial court entered judgment against defendants and in favor of Howard in the amount of $1,408,045.52. The trial court also entered judgment against defendants and in favor of Deborah in the amount of $754,869.74. On July 30, 2019 notices of the entry of judgments were served by mail on defendants at the 6303 Owensmouth Avenue address.

**Motion to set aside default and default judgment**

On August 28, 2020, defendants filed a motion to set aside the default and default judgment. They subsequently took that motion off calendar.

Defendants filed an amended motion to set aside entry default and default judgment on September 24, 2020, arguing that the judgment was void and must be set aside under Code of Civil Procedure section 473, subdivision (d).

Defendants argued that they were not properly served with the motion for terminating sanctions because plaintiffs served them by mail at the incorrect 6300 Owensmouth Avenue address and because the motion was not served 21 court days before the February 22, 2019 hearing on the motion. Defendants further argued they did not receive actual notice of the statements of damages before default was entered against them and that the statements of damages had to be served before the trial court ordered terminating sanctions against them on February 22, 2019. Defendants claimed the 2017 statements of damages were not properly served on Binko via substituted service because Valentine was not Binko's registered agent for service of process at the time. Defendants argued that attempted substituted service on Valentine of the 2017 statements of damages and of the summons and complaint were invalid because no attempt was made to personally serve Binko before the substituted service. Finally, defendants argued that the default judgment awards, including the punitive damages awards, were invalid because defendants had not testified or submitted documentation as to financial condition at the time judgment was entered. Plaintiffs opposed defendants' motion.

**Trial court ruling**

On October 28, 2020, the trial court denied defendants' motion to set aside the default and default judgment entered against them. The court ruled that defendants had forfeited any challenge to service of the summons and complaint because defendants had never moved to quash service and because they appeared in the action by filing their respective answers to the complaint on November 6, 2017, and November 21, 2017.

The trial court found that defendants were properly served with notice of the motion for terminating sanctions because plaintiffs had re-served the motion by mail on January 24, 2019 at the correct address. The court rejected defendants' argument that service of that motion was untimely and found that plaintiffs had timely served notice of the motion for terminating sanctions 16 court days plus five calendar days before the hearing date.

The trial court further found that defendants had waived any defect in service of plaintiffs' 2017 statements of damages because they answered the complaint after that service and had not previously argued that service on Valentine was improper. As to defendants' arguments regarding the 2019 statements of damages, the trial court found that plaintiffs had properly served those statements by leaving copies with the security guard who had refused the process server access to the 10th floor to serve defendants personally and by thereafter mailing copies of the statements to defendants. The court found this method of service to be valid, because "a defendant will not be permitted to defeat service by rendering physical service impossible." (*Khourie, Crew & Jaeger v. Sabek, Inc.* (1990) 220 Cal.App.3d 1009, 1013.)

This appeal followed.

## CONTENTS ON APPEAL

Defendants raise the following contentions on appeal:

1.  The default judgments are void because the 2019 statements of damages were not served on them before entry of default.

2.  Binko was never properly served with the 2017 statements of damages, and the trial court abused its discretion by finding service on Binko was proper.

3.  Because the order entering defaults against defendants is void, the default judgments entered against them must be vacated and their answers reinstated.

## DISCUSSION

Plaintiffs request dismissal of this appeal on the grounds that defendants are in violation of a trial court order to respond to postjudgment discovery and that a bench warrant was issued for Ogbechie.  Defendants provided evidence, albeit improperly as exhibits to their reply brief, that the bench warrant was recalled. They also represent in their reply brief that they are not in violation of any trial court orders.  We exercise our discretion to address the merits of defendants' appeal.

### I.    Applicable law and standard of review

Code of Civil Procedure section 473, subdivision (d),[2] provides that a court "may, on motion of either party after notice to the other party, set aside any void judgment or order."  A trial court's ruling on a motion for relief from default is reviewed for abuse of discretion.  (*Luxury Asset Lending, LLC v. Philadelphia*

---

[2]     All further statutory references are to the Code of Civil Procedure.

10

*Television Network, Inc.* (2020) 56 Cal.App.5th 894, 907.) Under this standard, an appellate court must uphold the trial court's factual findings that are supported by substantial evidence. (*In re Marriage of Drake* (2015) 241 Cal.App.4th 934, 939-940.) The trial court's legal conclusions are reviewed de novo. (*Ibid.*)

## II. Service of 2019 statements of damages

### A. *Applicable legal framework*

In any wrongful death or personal injury action, section 425.11, subdivision (c) requires that a statement of damages be served on a defendant before any default may be taken. A plaintiff seeking to preserve the right to recover punitive damages in a default judgment must also serve a statement of damages on the defendant under section 425.115, subdivision (f) before default is entered.

If the defendant has not yet appeared, the statement of damages must be served in the same manner as a summons. (§§ 425.11, subd. (d), 425.115, subd. (g).) If a party has appeared in the action, the statement must be served on the party's attorney, or if the party appeared without an attorney, in the manner provided for service of a summons. (§§ 425.11, subd. (d), 425.115, subd. (g).) An entry of default is void if a required statement of damages was not served before the default was taken. (*Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 435.)

Section 580, subdivision (a), limits a trial court's jurisdiction to grant relief under a default judgment to the amount specified in the statement of damages under sections 425.11 or 425.115. Sections 425.11, 425.115, and 580 were enacted to ensure that a defendant who does not contest an action does not suffer open-ended liability. (*Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 969.) "[D]ue process requires notice

11

to defendants, whether they default by inaction or by wilful obstruction, of the potential consequences of a refusal to pursue their defense.  Such notice enables a defendant to exercise his right to choose—at any point before trial, even after discovery has begun—between (1) giving up his right to defend in exchange for the certainty that he cannot be held liable for more than a known amount, and (2) exercising his right to defend at the cost of exposing himself to greater liability."  (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 829.)

The statutes do not specify a requisite period of time between service of the statement of damages and entry of default. Courts in California require the statement to be served "'*a reasonable period of time* before default may be entered.'" (*Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308, 1322 (*Schwab*), disapproved on other grounds in *Sass v. Cohen* (2020) 10 Cal.5th 861, 887.)  The key factor in determining whether proper notice has been given is whether the defendant had sufficient notice of the amount of claimed damages to permit a reasoned decision whether to take action to respond to the claims.

## B.  *No abuse of discretion*

Defendants erroneously claim they were not properly served with the 2019 statements of damages before "default was entered as a terminating sanction" on February 22, 2019.  The trial court's February 22, 2019 order did not order entry of default as a terminating sanction against defendants.  In that order, the trial court struck defendants' respective answers as a terminating sanction and set an April 23, 2019 hearing date for

12

an OSC re: entry of default and default judgment.[3]  Default was entered against defendants by the clerk of the superior court as of April 17, 2019.

Defendants were served by substituted service with the 2019 statements of damages on March 6, 2019—more than a month before default was entered against them.  A registered process server went that day to personally serve defendants at their place of business where a security guard refused him access to the 10th floor where defendants' office was located.

Defendants had also previously been served with the 2017 statements of damages on August 3, 2017, more than a year and a half before default was entered against them.  The trial court did not abuse its discretion by finding that defendants were properly served with formal notice of the statements of damages.

Defendants erroneously claim that an order striking a pleading as a terminating sanction is the equivalent of entry of default.   Section 2023.030, the statute authorizing terminating sanctions, does not treat an order striking an answer as the equivalent of a default.  (§ 2023.030, subd. (d); *Department of Fair Employment & Housing v. Ottovich* (2014) 227 Cal.App.4th 706, 715.)  Rather, that statute distinguishes between an order striking the pleadings of a party engaged in discovery abuses (§ 2023.030, subd. (d)(1)) and an order rendering a judgment of

---

[3]  Defendants concede in their reply brief that the trial court did not enter their defaults when it granted the motion for terminating sanctions on February 22, 2019.  They argue, however, that the trial court had the authority to enter default on that date, and on that basis claim they should have been served with the statements of damages.  Defendants cite no authority to support that claim.

13

default against that party (§ 2023.030, subd. (d)(4)).  The trial court here did not order entry of default as a terminating sanction.

*Matera v. McLeod* (2006) 145 Cal.App.4th 44 on which defendants rely, is distinguishable.  The trial court in that case ordered as terminating sanctions against the defendants that their answer be stricken *and* that default be entered against them.  (*Id.* at p. 52.)  The appellate court held that service of a statement of damages two days before entry of default was not a reasonable period of time to apprise the defendants of their potential liability and on that basis reversed the default judgment.  (*Id.* at p. 62.)  No such basis for reversal exists here.  Defendants in this case were served with the statements of damages twice—once in August 2017 and again on March 6, 2019—well in advance of the April 17, 2019 entry of default.  They had ample notice of their potential liability before default was entered against them.  (See, e.g., *Schwab, supra*, 114 Cal.App.4th at p. 1323 [personal service of statement of damages 15 days before entry of default provided reasonable notice for due process purposes]; *California Novelties, Inc. v. Sokoloff* (1992) 6 Cal.App.4th 936, 945 [service by mail of statement of damages 17 days before filing request for entry of default provided reasonable notice].)

## III.   2017 statements of damages

Binko waived any defect in service of the 2017 statements of damages by failing to raise any objection before making a general appearance in the action.  "'A general appearance operates as a consent to jurisdiction of the person, dispensing with the requirement of service of process, and curing defects in service.'"  (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.*

14

(2004) 114 Cal.App.4th 1135, 1145 (*Fireman's Fund*).)  Filing an answer constitutes a general appearance.  (*Ibid.*)

Binko raised no objection that service of the 2017 statements of damages on Valentine in August 2017 was invalid before filing its November 6, 2017 answer to the complaint. Binko accordingly waived the right to challenge any defect in service.  (*Fireman's Fund, supra*, 114 Cal.App.4th at p. 1145.)

## IV.   Default judgment

For reasons discussed, we reject defendants' argument that entry of default against them is void—the sole basis they advance for vacating the default judgment and reinstating their answers. Defendants provide no valid basis for setting aside the defaults, vacating the judgment, or reinstating their answers.

## DISPOSITION

The judgment is affirmed.  Plaintiffs shall recover their costs on appeal.

_____

CHAVEZ, J.

We concur:

_____

LUI, P. J.

_____

ASHMANN-GERST, J.